FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 27  AM 11:07

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE FIFI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1578** |
| **NEW ORLEANS PARISH CRIMINAL DISTRICT COURT** | **SECTION: "A"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Wayne Fifi, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the "New Orleans Parish Criminal District Court" claiming a denial of due process in connection to his current confinement based on an alleged probation violation. As relief, he asks that he be released from confinement.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

Fee_____
Process_____
X Dktd_____
_ CtRmDep_____
_ Doc. No_____

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Broadly reading plaintiff's complaint,[2] the Court finds that the complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As a preliminary matter, the Court notes that the only named defendant is the "New Orleans Parish Criminal District Court." However, a state court is not a juridical entity capable of being sued under 42 U.S.C. § 1983. Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir. 1976).

Moreover, the Court finds that it unnecessary to hold a Spears hearing[3] or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, No. 03-10787, 84 Fed. App'x 420, 424 (5th Cir. Dec. 29, 2003). Any amendment to name a new defendant would be futile because plaintiff simply cannot be afforded the sole relief he seeks, i.e. release from confinement, in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quotation marks omitted).

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

3

The Court further notes that it would be futile to convert the instant civil rights complaint into a *habeas corpus* petition. A state prisoner must exhaust available state court remedies before seeking *habeas corpus* relief pursuant to either § 2241 or § 2254. Dickerson v. Louisiana, 816 F.2d 220, 255 (5th Cir. 1987); Howard v. Vedros, Civil Action No. 94-0426, 1994 WL 117781 (E.D. La. Mar. 25, 1994). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997). On March 24, 2006, a staff member of this Court confirmed with the Clerk of the Louisiana Supreme Court that plaintiff has filed no applications with that court. Accordingly, he has not met the exhaustion requirement required for federal *habeas corpus* relief.[4]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[4] Of course, plaintiff is not precluded from filing a timely application for federal *habeas corpus* relief in the future once he has exhausted his state court remedies.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 27 day of March, 2006.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE